Sonny Marquez 






NO. 10-90-111-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          SONNY MARQUEZ,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas
Trial Court #90-199-C

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was convicted by a jury on a plea of not guilty of the offense of burglary of a
habitation, for which he was sentenced to imprisonment for ten years and one day in the Texas
Department of Corrections.
          Appellant has filed a request in this court, personally signed by Appellant and his attorney,
to have his notice of appeal withdrawn. No decision of this court having been delivered prior to
the receipt of this request, Appellant's request is granted. The appeal is dismissed.

                                                                                                     PER CURIAM

Before Chief Justice Thomas, Justice Cummings
          and Justice Vance
Dismissed
Opinion delivered and filed January 17, 1991
Do Not Publish



'CG Times', serif"> 

From the 176th District Court
Harris County, Texas
Trial Court # 835558
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Hymon Augusta Walker was convicted of the offense of sexual assault of a child,
and after the jury found that he had previously been convicted for the offense of sexual assault,
he was sentenced to confinement for life. See Tex. Pen. Code Ann. § 22.011(a)(2) (Vernon
Supp. 2002). Six points are presented on appeal: (1) the trial court abused its discretion at the
guilt/innocence stage of the trial when it permitted the State to introduce a poem written by the
victim; (2)-(4) the statutory punishment guideline under which appellant was sentenced was
unconstitutional because it constituted cruel and unusual punishment under our federal and state
constitutions, and violated his right to due process under the federal constitution; (5) appellant
received ineffective assistance of counsel; and (6) the trial court erred in failing to instruct the jury
on the definition of the term “reasonable doubt.” We will affirm.
      We begin with a brief review of the testimony. Fifteen year-old Tina Williams


 testified that
on the night of February 2, 2000, she was sexually assaulted by appellant while she was
babysitting for a neighbor. Appellant, who was known to Tina by the nickname “Bear,” lived in
the residence and was supposed to take over Tina’s babysitting duties when he returned home. 
Tina described the sexual assault in detail and testified she was initially afraid to tell her mother
what happened. She also testified she was sexually assaulted by appellant again the following
evening when she returned to the residence to babysit. After the second assault, Tina phoned a
friend and, after telling her about the incident, asked the friend to inform her mother. Following
the outcry, investigating law enforcement authorities arrested appellant. At the punishment stage
of the trial the State produced evidence showing that appellant had previously been convicted of
the offense of sexual assault.
      In point one, appellant contends the trial court abused its discretion at the guilt/innocence
stage of the trial when it permitted the State to introduce, over objection, a poem written by Tina
approximately nine months after the sexual assault.


 The poem reads:
      My Story
      The story of a girl so sad with her head hung low
      Is undergoing more pain than anyone could ever know
      The feelings she feels inside are of emptiness and sorrow
      Hoping the sun will shine through the clouds of tomorrow
      This story is of my life and how I see me
      Sometimes you can’t be what people expect you to be.

      The handwritten poem was introduced as an exhibit at trial and was again read by the
prosecutor at the closing of jury argument at the guilt/innocence stage of the trial. Appellant
argues the poem was not relevant to any issue in the case and was used by the State to “inflame
and arouse” the passions of the jury. The State responds that appellant’s trial objection did not
preserve his complaint on appeal and that the error was waived when other evidence about sad
poetry written by the victim was introduced without objection. The State also argues the poem
was relevant because “writing sad poems has a tendency to make the existence of the facts and
circumstances of the sexual assault more probable than it would be without the evidence.” 
Finally, the State argues any error in the admission of the poem was harmless.
      Whether defense counsel’s trial objection was sufficient to preserve his “relevance” complaint
on appeal presents a close question. At the time the State moved for its introduction, defense
counsel stated “[w]e would object to the introduction of the poem. It doesn’t have any evidentiary
weight as to the charges that we’re dealing with.” While we believe that this objection was
somewhat awkwardly worded, we conclude it was sufficient to put the trial court on notice that
counsel’s objection questioned the relevance of the poem to the charges at guilt/innocence. See
Tex. R. Evid. 103(a)(1) (requiring the party complaining of the admission of evidence to make
a timely objection or motion to strike, stating the specific ground of the objection, if the specific
ground is not apparent from the context); see also Gonzales v. State, 868 S.W.2d 854, 856 (Tex.
App.—Dallas 1993, no pet.) (holding objection sufficient where it is clear the parties and trial
court knew its nature).
      Another close question is presented by the State’s claim that similar evidence was introduced
by the State without objection from appellant. The evidence considered “similar” by the State was
Tina’s testimony that she suffers from depression and sometimes writes sad poetry to express her
feelings. While it is true appellant did not object to this testimony, we see a distinction between
general testimony that Tina wrote poetry to express her sadness, and the introduction of a specific
poem written by her. Under the particular circumstances present in this case, we do not find
appellant waived his complaint by failing to object to other general testimony relating to poetry.
      The State next argues the contents of the poem made the facts and circumstances of the offense
more probable than had the poem not been admitted. In other words, the State argues the poem
was relevant to prove appellant’s guilt. See Tex. R. Evid. 401. We do not agree. Although the
poem may have been admissible as victim impact evidence at the trial’s punishment stage, we
believe the poem had no relevance to any issue at guilt/innocence and should not have been
admitted.
      The fact that Tina’s poem was irrelevant to any issue in our case, in part, leads us to conclude
that the error was harmless. The improper admission of evidence at trial court requires the harm
analysis for non-constitutional error. See Tex. R. App. P. 44.2(b); see also Johnson v. State, 967
S.W.2d 410, 417 (Tex. Crim. App. 1998). A criminal conviction should not be overturned for
non-constitutional error if the appellate court, after examining the record as a whole, has fair
assurance that the error did not influence the jury, or had but a slight effect. Id., citing King v.
State, 953 S.W.2d 266 (Tex. Crim. App. 1997). Tina’s poem contains no reference to appellant
or any circumstance of the offense. Nor did it have a tendency to make the victim any more
believable. In light of the record as a whole, we are satisfied the error did not influence the jury. 
Point one is overruled.
      Points two, three, and four concern appellant’s contention that the sentencing scheme adopted
by our legislature in Tex. Pen. Code Ann. § 12.42(c)(2)(A)(i) and (B)(ii) (Vernon Supp. 2002),
is unconstitutional because his conviction in the instant case, coupled with his prior conviction for
sexual assault, made his life sentence mandatory. Appellant argues the statute violates his right
to due process under the Fifth Amendment to the United States Constitution and constitutes cruel
and unusual punishment prohibited under the Eighth Amendment to the United States Constitution
and Article 1, Section 13, of the Texas Constitution.
      We reject appellant’s due process complaint because we find the State has a rational basis–the
protection of society from sexual predators–for instituting a punishment scheme under which a life
sentence is mandatory for a second sexual assault conviction. See Williams v. State, 10 S.W.3d
370, 372 (Tex. App.—Dallas 1999, pet. ref’d) (reviewing federal and state cases relating to
mandatory sentences for repeat offenders).
      We similarly reject appellant’s complaints that a life sentence for sexual assault constitutes
cruel and unusual punishment. Reviewing courts must grant substantial deference to the
legislature in determining whether a particular sentence is impermissibly cruel and unusual. Solem
v. Helm, 463 U.S. 277, 290-291, 103 S.Ct. 3001, 3009-3010, 77 L.Ed.2d 637 (1983). Factors
to be considered include the gravity of the offense, the harshness of the offense, and sentences
imposed in other jurisdictions. Id. In Rummel v. Estelle, 445 U.S. 263, 285, 100 S.Ct. 1133,
1145, 63 L.Ed.2d 382 (1980), the United States Supreme Court rejected a similar complaint and
upheld the mandatory life sentence required by a Texas recidivist statute. Sexual assaults are
considered very serious offenses in every jurisdiction, and the fact that appellant was a repeat
sexual offender makes his conduct all the more grave. Under these circumstances, we find no
violation of our state or federal constitutions on grounds that a life sentence for a recidivist sexual
offender is cruel and unusual.
      In point five, appellant contends counsel rendered ineffective assistance at the punishment
phase by failing to object when the prosecutor’s questions incorporated details of his prior sexual
assault in the form of “have you heard” questions to character witnesses testifying on appellant’s
behalf. We reject appellant’s argument for two reasons. First, the admission of such evidence
was proper. See Haney v. State, 951 S.W.2d 551, 555 (Tex. App.—Waco 1997, no pet.). 
Second, even if the admission of the evidence was improper, appellant cannot clear the second
hurdle of the test for ineffective assistance–the requirement that appellant show a reasonable
probability that, but for counsel’s unprofessional errors, the result of the proceeding would have
been different. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Because he was
a repeat sexual offender, appellant’s life sentence was mandatory. See Tex. Pen. Code Ann. §
12.42(c)(2)(A)(i) (Vernon Supp. 2002). Therefore, whether or not the jurors learned the details
of the prior offense was ultimately irrelevant. Point five is overruled.
      In point six, appellant argues the trial court erred in overruling his request for a jury
instruction on the term “reasonable doubt.” Showing high regard for his ethical obligations,
counsel admits that the Texas Court of Criminal Appeals’ decision in Paulson v. State, 28 S.W.3d
570, 573 (Tex. Crim. App. 2000), controls the issue against him. As an intermediate level
appellate court we are duty bound to follow Paulson. We therefore hold that the trial court did
not err in failing to provide the instruction requested. Point six is overruled.
      Appellant’s conviction is affirmed.

 
DAVID L. RICHARDS
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Richards (Sitting by Assignment)
Affirmed 
Opinion delivered and filed October 9, 2002
Do not publish
[CRPM]